## Case No. 12,834.

### SICKELS v. FALLS CO.

[4 Blatchf. 508:[1] 2 Fish. Pat. Cas. 202; 9 Pittsb. Leg. J. 89.]

Circuit Court, D. Connecticut. Aug. 13, 1861.

PATENTS — EFFECT — FUNCTION — PRIOR PATENT— REISSUE—STEAM CUT-OFF.

1. The claim in the patent granted to Frederick E. Sickels, September 19th, 1845, extended September 19th, 1859, and reissued February 21st, 1860, for an "improvement in steam engines," to "imparting a co-existing movement to two reciprocating catch-pieces, in the operation of the trip cut-off valves," is a claim for an effect or function, and is, therefore, not patentable.

[Cited in Risdon Iron & Locomotive Works v. Medart, 158 U. S. 68, 15 Sup. Ct. 749.]

2. The claim is also void on the ground that the improvement is substantially described and claimed in a patent granted to the patentee October 19th, 1844.

[Cited in Jones v. Sewall, Case No. 7,495; Consolidated Roller-Mill Co. v. Coombs, 39 Fed. 38.]

3. It is also void because, the improvement having been invented in 1844, it was not embodied in the original patent of 1845, or noticed therein until the reissue of 1860.

This was an action at law [by Frederick E. Sickels against the Falls Company] for the infringement of letters patent [No. 4,199] granted to the plaintiff, September 19th, 1845, for an "improvement in steam engines," and extended for seven years from September 19th, 1859, and reissued February 21st, 1860 [No. 910]. The patentee, after describing the nature of his improvement, and the machinery for effecting it, claimed as follows: "Imparting a co-existing movement to two reciprocating catch-pieces, in the operation of the trip cut-off valves."

R. J. & G. R. Ingersoll, E. N. Dickerson, and G. M. Keller, for complainant.

Roger S. Baldwin and E. W. Stoughton, for defendant.

NELSON, Circuit Justice. The claim is, in terms, for an effect, or function, and is, therefore, not patentable. But, without placing the case upon this strict ground, the unanswerable objection to the plaintiff's recovery is, that the improvement is substantially described and claimed in a patent granted to him on the 19th of October, 1844. This is a bar to the subsequent patent.

Another difficulty in the case is, that the patentee admits that he invented the improvement early in 1844. It was not embodied in the original patent of 1845, or noticed therein, until the reissue of February 21st, 1860, more than fourteen years after the invention.

We think that the defendant is entitled to judgment.